State v. Moore

---

STATE OF NORTH CAROLINA v. VICTOR BERNARD MOORE AND WILLIE LEE CARLTON

No. 754SC569

(Filed 7 January 1976)

1. Criminal Law § 66— in-court identification — independent origin

Robbery victim's in-court identification of defendants was properly admitted where the evidence supported the court's finding that the identification was based on the victim's clear opportunity to observe defendants shortly before and at the time of the robbery.

2. Criminal Law § 134— no commitment as youthful offender — age not in record

The court did not err in failing to find that defendant would not benefit from commitment as a youthful offender where there was nothing to indicate that defendant was under 21 at the time of sentencing.

APPEAL by defendants from *Martin, (Perry), Judge*. Judgments entered 5 February 1975 in Superior Court, SAMPSON County. Heard in the Court of Appeals 21 October 1975.

Defendants were convicted of the armed robbery of a ticket seller at a drive-in movie theater. From judgments imposing active prison sentences, defendants appealed.

*Attorney General Edmisten, by Associate Attorney Wilton E. Ragland, Jr., for the State.*

*E. C. Thompson III, for defendant appellant.*

VAUGHN, Judge.

[1]   The court's finding that the in-court identification of defendants by the victim of the robbery was based on the victim's clear opportunity to observe defendants shortly before and at the time of the robbery, is supported by all of the evidence. There was no error in allowing the victim to identify defendants at trial.

[2]   Defendant Moore assigns as error the failure of the court to make a finding that he would not benefit from commitment as a "Youthful offender" before sentencing him. There is nothing in this record to indicate that Moore was under 21 at the time of sentencing and the assignment of error is overruled.

We note that the record on appeal does not contain a single exception. All assignments of error must be based on exceptions duly noted. Exceptions which appear for the first time under purported assignments of error will not be considered. We also note that the court allowed 120 days from the entry of judgments for docketing the record on appeal. The appeal was docketed on the 152nd day following entry of judgments. Failure to comply with the Rules subjects an appeal to dismissal. We have, nevertheless, elected to consider defendants' appeals on their merits and find no prejudicial error.

No error.

Judges BRITT and ARNOLD concur.